115 T.C. No. 21


UNITED STATES TAX COURT


U.R. NEELY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14936-98.          Filed September 27, 2000.


By notice of determination issued in 1998, R determined that three individuals who performed services for P's sole proprietorship in 1992 were employees of the proprietorship during such year for employment tax purposes. P filed a petition under sec. 7436, I.R.C., contesting R's determination and further contending that R's determination was barred by the expiration of the 3-year period of limitations on assessment under sec. 6501(a), I.R.C. R contends that the period of limitations remains open under sec. 6501(c), I.R.C., on account of P's fraudulent conduct.

<u>Held</u>: Where the jurisdiction of the Court has been properly invoked under sec. 7436, I.R.C., the Court possesses jurisdiction to decide whether R's determination concerning worker classification is barred by the expiration of the period of limitations on assessment under sec. 6501, I.R.C.


<u>Kirk A. McCarville</u>, for petitioner.

<u>John W. Duncan</u>, for respondent.

OPINION

VASQUEZ, <u>Judge</u>:  Respondent issued to petitioner a notice of determination concerning worker classification.  Petitioner contends that such determination was time-barred under section 6501(a).[1]  Respondent contends that the period of limitations on assessment remains open, pursuant to section 6501(c), on account of petitioner's fraudulent conduct.  The Court, sua sponte, questioned whether we have jurisdiction to address these arguments in the context of a case brought under section 7436.  For reasons discussed below, we hold that we possess such jurisdiction.

<u>Background</u>

During 1992, petitioner operated a sole proprietorship (the company) whose principal place of business was in Mesa, Arizona.[2]  Petitioner resided in Phoenix, Arizona, at the time the petition herein was filed.

On June 11, 1998, respondent mailed to petitioner a Notice of Determination Concerning Worker Classification Under Section 7436, in which respondent determined that three individuals who performed services for the company during 1992 (the workers) were

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  At trial, petitioner testified that he no longer owned the company.  The record does not reflect, however, when petitioner's ownership interest terminated.

employees of the company for purposes of Federal employment taxes[3] under Subtitle C (Employment Taxes and Collection of Income Tax) of the Internal Revenue Code. The notice of determination further provided that petitioner was not entitled to "safe harbor" relief provided by section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2885. Respondent attached to the notice of determination a "Preliminary Calculation of tax and additions to tax", which set forth the following amounts: (1) $20,154 for January 1 to December 31, 1992, under the Federal Insurance Contributions Act (FICA), ch. 736, secs. 3101-3128, 68A Stat. 415 (1954), and under the income tax withholding provisions of sections 3401-3406; (2) $13,060 for January 1 to December 31, 1992, under the Federal Unemployment Tax Act (FUTA), ch. 736, secs. 3301-3311, 68A Stat. 439 (1954); (3) $1,743 in section 6656 penalties for failure to make timely deposits of taxes; and (4) $24,911 in section 6663 fraud penalties.

On September 8, 1998, petitioner filed with the Court a petition seeking our review of the notice of determination.[4] In

---

[3] For convenience, we use the term "employment taxes" to refer to taxes under the Federal Insurance Contributions Act (FICA), ch. 736, secs. 3101-3128, 68A Stat. 415 (1954), the Federal Unemployment Tax Act (FUTA), ch. 736, secs. 3301-3311, 68A Stat. 439 (1954), and income tax withholding, secs. 3401-3406.

[4] The petition was actually filed by petitioner and petitioner's wife, Anne Neely. On May 14, 1999, respondent filed
(continued...)

it, petitioner contends that (1) respondent erroneously characterized the workers as employees, (2) respondent's determination of worker classification is barred by "all relevant sections of the Internal Revenue Code pertaining to the limitations on assessment and collection",[5] and (3) respondent erroneously determined that petitioner's failure to pay employment taxes relating to the workers was due to fraud.[6]

In respondent's answer to the petition, respondent argues that his determination is not time barred because the general

---

[4](...continued)
a motion to dismiss for lack of jurisdiction as to Anne Neely on the grounds that the notice of determination was not issued to her and petitioner, but rather to petitioner alone.  We granted respondent's motion.

[5]  On Aug. 4, 1992, petitioner filed Forms 941, Employer's Quarterly Federal Tax Return, for quarters ending Mar. 31, 1992, and June 30, 1992.  On Oct. 31, 1992, and Jan. 31, 1993, petitioner filed Forms 941 for quarters ending Sept. 30, 1992, and Dec. 31, 1992, respectively.  Lastly, on Mar. 1, 1993, petitioner filed Form 940-EZ, Employer's Annual Federal Unemployment (FUTA) Tax Return, for calendar year 1992. Respondent does not dispute that the above-mentioned returns were filed more than 3 years prior to the issuance of the notice of determination in this case.

[6]  Petitioner also disputed the amounts of employment taxes and the amounts of related penalties that were set forth in the notice of determination.  On Oct. 28, 1998, respondent filed a motion to dismiss in part for lack of jurisdiction as to the amounts of employment taxes and as to the amounts of related penalties.  The motion was scheduled for hearing, but following the issuance of our opinion in Henry Randolph Consulting v. Commissioner, 112 T.C. 1 (1999), the parties submitted a joint report recommending that respondent's motion be granted without a hearing.  The Court then granted respondent's motion and dismissed the case in part for lack of jurisdiction over the amounts of employment taxes and the amounts of related penalties proposed by respondent.

3-year period of limitations under section 6501(a)[7] does not apply in this case. Respondent alleges that petitioner's failure to pay employment taxes with respect to amounts paid to the workers during 1992 constituted (1) a willful attempt by petitioner to defeat or evade employment taxes and (2) fraud with an intent to evade tax. Accordingly, respondent contends that the period of limitations in this case remains open pursuant to either section 6501(c)(1) or section 6501(c)(2).

Prior to trial, the parties entered into a stipulation of facts in which petitioner stipulated that the workers were employees of the company during 1992 and that petitioner does not qualify for relief under section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2855.[8] The matter for decision at

---

[7] Sec. 6501(a) provides that, with respect to any tax imposed by the Internal Revenue Code, "no proceeding in court without assessment for the collection of such tax shall be begun" following the expiration of the applicable period of limitations. See also sec. 301.6501(a)-1(b), Proced. & Admin. Regs. As a general rule, the period of limitations expires after 3 years from the date on which the relevant tax return is filed. See sec. 6501(a). Various exceptions to the 3-year period are found in sec. 6501, including an unlimited limitations period under sec. 6501(c)(1) for cases in which the filed return was false or fraudulent with an intent to evade tax. See also sec. 301.6501(c)-1(a), Proced. & Admin. Regs.

[8] That petitioner now concedes the merits of respondent's determination does not deprive the Court of jurisdiction. As we stated in the income tax context in Hannan v. Commissioner, 52 T.C. 787, 791 (1969): "it is not the existence of a deficiency but the Commissioner's determination of a deficiency that provides a predicate for Tax Court jurisdiction. * * * Indeed, were this not true, then the absurd result would be that in every case in which this Court determined that no deficiency existed, (continued...)

trial therefore was whether respondent's determination of worker classification was barred by expiration of the 3-year period of limitations set forth in section 6501(a) or whether the period of limitations remained open pursuant to section 6501(c) on account of petitioner's fraudulent conduct.

At commencement of trial, the Court raised the issue of whether we had jurisdiction to decide whether a taxpayer in a worker classification case had committed fraud for purposes of determining whether the section 6501(c) exception to the general 3-year period of limitations on assessment applied. At that time, both parties agreed that the Court possessed jurisdiction to decide such issue. Following trial, the Court held the conventional posttrial briefing in abeyance and ordered the parties to identify by memoranda the legal authority which establishes the jurisdiction of the Court to address matters relating to the period of limitations on assessment in a worker classification case brought under section 7436.

Discussion

It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, can question jurisdiction at any time, even after the

[8](...continued)
our jurisdiction would be lost." Similarly, it is the Commissioner's determination of worker classification that provides the predicate for our jurisdiction under sec. 7436. The ultimate merits of such determination do not affect the Court's jurisdiction.

case has been tried and briefed. See <u>Romann v. Commissioner</u>, 111 T.C. 273, 280 (1998); <u>Normac, Inc. & Normac Intl. v. Commissioner</u>, 90 T.C. 142, 146-147 (1988); <u>Brown v. Commissioner</u>, 78 T.C. 215, 218 (1982). Although the parties agreed at trial that the Court had jurisdiction to decide the issues relating to the period of limitations on assessment in this case, jurisdiction cannot be conferred upon the Court by agreement. See <u>Naftel v. Commissioner</u>, 85 T.C. 527, 530 (1985).

Through his timely filed petition in response to respondent's notice of determination, petitioner invoked the Court's jurisdiction under section 7436. Section 7436(a) confers upon this Court jurisdiction to determine whether service providers are employees or independent contractors for purposes of Subtitle C and whether section 530 of the Revenue Act of 1978 applies.[9] Section 7436(d) further provides that the "principles"

---

[9] Sec. 7436(a) provides:

SEC. 7436.   PROCEEDINGS FOR DETERMINATION OF EMPLOYMENT
             STATUS.

(a) Creation of Remedy.--If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that--

(1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or

(2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to

(continued...)

of sections 6213(a), (b), (c), (d) and (f), 6214(a), 6215, 6503(a), 6512, and 7481 are applicable in a proceeding brought under section 7436 as if the Secretary's notice of determination were a notice of deficiency.

We previously examined the parameters of our jurisdiction under section 7436 in Henry Randolph Consulting v. Commissioner, 112 T.C. 1 (1999). The taxpayer in that case contested not only the Commissioner's determination that various services providers were employees for employment tax purposes, but also the amounts of the employment taxes that were set out on schedules attached to the Commissioner's notice of determination. After analyzing the provisions of section 7436 as well as its legislative history, we concluded that the only grant of jurisdiction within the section is found in section 7436(a). See Henry Randolph Consulting v. Commissioner, supra at 4-6, 8. We further concluded that jurisdiction granted by section 7436(a) is limited to making the two determinations expressly set forth therein; i.e., (1) proper classification of service providers and (2) application of the safe harbor under section 530 of the Revenue Act of 1978. See id. at 4-5. Accordingly, we held that we

---

[9](...continued)
        such an individual,

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct. Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

lacked jurisdiction to decide the amounts of employment taxes at issue if respondent's determination as to worker classification were sustained.  See id. at 13.

Relying on our opinion in Henry Randolph Consulting, respondent now argues that we lack jurisdiction to decide which period of limitations applies under section 6501 and whether respondent's determination was made after the expiration of such period, because such a decision would constitute a substantive determination falling outside of the two determinations which the Court is authorized to make under section 7436(a).  We agree with respondent that the issue of whether respondent's determination is barred by expiration of the period of limitations on assessment under section 6501 constitutes a substantive matter, as opposed to a plea to the jurisdiction of this Court.  See Genesis Oil & Gas, Ltd. v. Commissioner, 93 T.C. 562, 564 (1989); Robinson v. Commissioner, 57 T.C. 735, 737 (1972); Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1063 (1963). However, we do not share respondent's belief that we lack jurisdiction to address matters relating to the period of limitations on assessment in the worker classification context.

The statute of limitations set forth in section 6501 constitutes a defense at bar (i.e., an affirmative defense) that may be raised by the taxpayer in response to a determination made by the Commissioner.  See Rule 39; Genesis Oil & Gas, Ltd. v. Commissioner, supra at 564.  Once our jurisdiction has been

properly invoked in a case, we require no additional jurisdiction to render a decision with respect to such an affirmative defense. See Genesis Oil & Gas, Ltd. v. Commissioner, supra at 564. Rather, "When such a defense in bar is properly raised, we must pass upon the merits of the issue after receiving evidence with respect thereto". Badger Materials, Inc. v. Commissioner, supra at 1063. Accordingly, we hold that where the parties are properly before the Court in an action brought under section 7436, the Court possesses jurisdiction to address issues relating to the period of limitations under section 6501 that are properly raised by the parties.

In this case, our jurisdiction over the parties under section 7436 was invoked through petitioner's timely filed petition seeking review of respondent's notice of determination. When petitioner pleaded as an affirmative defense in his petition that respondent's determination as to worker classification was barred by expiration of the 3-year period of limitations under section 6501(a), we required no additional jurisdiction to address such issue. Furthermore, when respondent alleged in his answer that the period of limitations in this case remained open pursuant to section 6501(c) on account of petitioner's fraudulent conduct, we required no additional jurisdiction to decide whether the circumstances described in section 6501(c) were present in this case.

We have considered respondent's other arguments in favor of

a holding that we lack jurisdiction over issues relating to the period of limitations in this case, and to the extent not discussed herein find them to be without merit.

In accordance with our holding, we shall order the parties to proceed with briefing the subject matter of the trial.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.