116 T.C. No. 22


UNITED STATES TAX COURT


ESTATE OF EDWARD WENNER, DECEASED, MERLYN WENNER RUDDELL,
    KATE WENNER EISNER AND JANN S. WENNER, CO-EXECUTORS,
AND DALLAS CLARK, f.k.a. DOROTHY E. WENNER, Petitioners $\underline{v}$.
        COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12611-99.              Filed May 14, 2001.


        Ps petitioned the Court for a review of R's
determination not to abate interest under sec. 6404.
In the petition C, one of the Ps, raised a claim for
relief from joint liability on a joint return pursuant
to sec. 6015 (sec. 6015 claim).
        R moved to strike the sec. 6015 claim, asserting
the Court lacked jurisdiction to determine such a claim
in a sec. 6404 proceeding.
        Held: C's sec. 6015 claim is an affirmative
defense in a matter properly before the Court.  In such
circumstances, we require no additional statutory
jurisdiction to address and determine C's claim for
sec. 6015 relief.


Michael L. Sandford, for petitioners.

Michael P. Breton, Bradford A. Johnson, and Gary Slavett,
for respondent.

OPINION

LARO, Judge: Petitioners petitioned the Court to review respondent's determination not to abate interest pursuant to section 6404.[1]  Petitioner Dallas Clark also alleges in the petition that she should be relieved from joint liability as to Federal income tax returns which she filed with her now deceased husband for the relevant years.  We must decide whether the Court has jurisdiction to decide Ms. Clark's claim as to joint liability.  We hold that we have jurisdiction.

## Background

Edward Wenner died in 1988.  On or about March 1990 Kate Wenner Eisner, acting for the estate, and Ms. Clark executed a Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments.  On September 29, 1997, respondent sent to Edward (then deceased) and Dorothy Wenner (now Ms. Clark) notices of changes to their 1982, 1983, and 1984 joint Federal income tax returns.  Those changes resulted from an examination of those returns and the related partnership returns. Respondent increased the amount of tax for each of the years and claimed interest in the following amounts:

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

| Year | Increase in Tax | Interest Charged |
|------|-----------------|------------------|
| 1982 | $5,410 | $22,290.18 |
| 1983 | 5,763 | 20,992.39 |
| 1984 | 366 | 821.45 |

On or about February 12, 1998, Ms. Clark, on behalf of all petitioners, paid respondent the $11,539 in taxes specified in the notices.

Sometime after receiving the September 29, 1997, notices, petitioners requested that respondent abate the interest charged. On January 20, 1999, respondent notified Ms. Clark that the claim for abatement of interest under section 6404(e) was disallowed. On July 16, 1999, petitioners filed a timely petition for Review of Denial of Request for Abatement of Interest. In that petition Ms. Clark also requested she be relieved from joint liability as to the relevant years.

Respondent moved to strike Ms. Clark's claim for relief from joint liability from the petition. Respondent asserts that the Court lacks jurisdiction with regard to that claim. Petitioners opposed that motion. Respondent responded stating in part: "After a diligent search of our records, respondent has determined that no claim or election for relief under I.R.C. § 6015 (b) or (c) was filed by petitioner Ms. Clark, f.k.a. Dorothy E. Wenner, with the Internal Revenue Service in accordance with normal procedures."

## Discussion

This is a matter of first impression. The issue we must decide is whether we have jurisdiction to decide an affirmative defense under section 6015 pled in a section 6404 petition for judicial review of respondent's determination not to abate interest. We first turn to this Court's jurisdiction.

Referring to this Court, the Court of Appeals for the Seventh Circuit recently noted "[the Tax Court], like all Federal Courts, is a court of limited jurisdiction." Flight Attendants Against UAL Offset v. Commissioner, 165 F.3d 572, 578 (7th Cir. 1999). The Tax Court has specialized jurisdiction and may exercise it only to the extent authorized by Congress. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party. See id. at 530. The Court's jurisdiction to review respondent's determination whether to abate interest is now found in section 6404(i) (formerly designated as section 6404(g)). That section, so far as is relevant, provides:

> (i) Review of Denial of Request for Abatement of Interest. --
>     (1) In general.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest. [Emphasis added.]

Section 6404(i) clearly grants the Court jurisdiction to

review the Commissioner's failure to abate interest under all subsections of section 6404. See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 22-23 (1999). However, the only explicit jurisdiction given to the Court under this section is a jurisdiction to determine whether the Secretary's failure to abate interest under section 6404 was an abuse of discretion. The Court may order an abatement of interest where we have determined that the Secretary has abused his discretion.

There are two primary jurisdictional predicates for this Court to review a claim for relief from joint and several liability. First, a claim may be raised as an affirmative defense in a petition for redetermination of a deficiency filed pursuant to section 6213(a). See <u>Butler v. Commissioner</u>, 114 T.C. 276 (2000); <u>Charlton v. Commissioner</u>, 114 T.C. 333 (2000). In a deficiency proceeding, we consider all the facts and circumstances relevant to ascertaining the correct amount of the deficiency, including affirmative defenses. See secs. 6213 and 6214; <u>Butler v. Commissioner</u>, <u>supra</u> at 287; <u>Woods v. Commissioner</u>, 92 T.C. 776, 784-785 (1989); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 533 (1985).

The second jurisdictional predicate is found in section 6015(e). This section enables an electing spouse to petition for review of an administrative determination (or failure to make a determination) regarding relief from liability as a stand alone

matter, independent of any deficiency proceeding.  See <u>Fernandez v. Commissioner</u>, 114 T.C. 324 (2000).

The essence of Ms. Clark's argument is that she is entitled to raise her entitlement to section 6015 relief as an affirmative defense in a section 6404 action.  Ms. Clark asserts that there is sufficient jurisdictional predicate for this Court to determine her substantive claim.  Historically we have characterized a claim for relief from joint liability as an affirmative defense that must be set forth in the pleadings.  See <u>Butler v. Commissioner</u>, <u>supra</u> at 287-288.

In <u>Neely v. Commissioner</u>, 115 T.C. 287 (2000), an analogous case, we held that we had jurisdiction to decide an affirmative defense raised by the petitioner in a section 7436 case (Proceedings for Determination of Employment Status).  Section 7436, like section 6404, allows judicial review of a determination of the respondent.  In that case we reasoned:

> The statute of limitations set forth in section 6501 constitutes a defense at bar (i.e., an affirmative defense) that may be raised by the taxpayer in response to a determination made by the Commissioner.  See Rule 39; <u>Genesis Oil & Gas, Ltd. v. Commissioner</u>, [93 T.C. 562 (1989)] <u>supra</u> at 564.  Once our jurisdiction has been properly invoked in a case, we require no additional jurisdiction to render a decision with respect to such an affirmative defense. See <u>Genesis Oil & Gas, Ltd. v. Commissioner</u>, <u>supra</u> at 564.  Rather, "When such a defense in bar is properly raised, we must pass upon the merits of the issue after receiving evidence with respect thereto". <u>Badger Materials, Inc. v. Commissioner</u>, [40 T.C. 1061 (1963)] <u>supra</u> at 1063. Accordingly, we hold that where the parties are properly before the Court in an action brought under section 7436, the Court possesses jurisdiction to address issues relating to the period of limitations

> under section 6501 that are properly raised by the parties.
>
> In this case, our jurisdiction over the parties under section 7436 was invoked through petitioner's timely filed petition seeking review of respondent's notice of determination. When petitioner pleaded as an affirmative defense in his petition that respondent's determination as to worker classification was barred by expiration of the 3-year period of limitations under section 6501(a), we required no additional jurisdiction to address such issue. * * *

Id. at 292-293.

As a stand alone proceeding, the Court has no jurisdiction to consider a request for relief from joint liability on a joint return under section 6015 unless the following three requirements are met: (1) The taxpayer has filed a timely election pursuant to section 6015, (2) respondent has notified the taxpayer that respondent has denied the taxpayer's request for relief under that section, and (3) the taxpayer has timely petitioned this Court for relief under section 6015(e)(1). See sec. 6015. The record here discloses that none of the procedural requirements for our jurisdiction under section 6015(e) has been satisfied.

However, we can find no compelling reason to distinguish the logic and reasoning of this Court in Neely v. Commissioner, supra. An entitlement to the statutory relief provided by section 6015 is no less a defense to respondent's determination than the statutory relief provided by section 6501(a) in the Neely case. There, as in the instant case, an affirmative defense was pleaded in a matter properly before the Court. Petitioner's petition under section 6404 is properly before the

Court, and we hold we require no additional jurisdiction to address Ms. Clark's claim for section 6015 relief.[2]  Consequently we shall deny respondent's motion to strike paragraph 16 from the petition and paragraph 2 of petitioners' prayer for relief.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[2]We, however, do not have jurisdiction over the correctness of the underlying deficiency determination in the instant proceeding.