T.C. Memo. 2002-289


UNITED STATES TAX COURT


RUSSELL L. AND RUTH C. VOORHEES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6891-02L.                    Filed November 25, 2002.


Russell L. and Ruth C. Voorhees, pro se.

<u>R. Bradley Taylor</u>, for respondent.


MEMORANDUM OPINION


WOLFE, <u>Special Trial Judge</u>:  This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction And To Strike As To Ruth C. Voorhees (motion to dismiss).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On August 21, 2001, respondent issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy) concerning unpaid joint income tax liabilities for the years 1991 and 1996. The notice of intent to levy stated that petitioners owed a total of $5,743.04 and informed petitioners that they had 30 days to pay this amount, make alternative arrangements to pay or request Appeals consideration and that if petitioners failed to take such action timely, respondent might take their property or rights to property.

On August 23, 2001 petitioner Russell L. Voorhees signed IRS Form 12153, a Request for a Collection Due Process Hearing (request for hearing), relating to the tax liabilities. Petitioner Ruth C. Voorhees did not sign the request for hearing, although her name is listed on the form as a taxpayer. On August 28, 2001, respondent received the request for hearing, and on January 24, 2002, the Internal Revenue Service Office of Appeals (Appeals Office) held a hearing.

On March 14, 2002, the Appeals Office issued to petitioner Russell L. Voorhees a Notice of Determination concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination). The Appeals Office did not issue a notice of determination to petitioner Ruth C. Voorhees.

On March 20, 2002, petitioner Russell L. Voorhees wrote a letter to the Clerk of the Court requesting petition forms and the rules for filing a petition. The Court received this letter on April 1, 2002, and filed the letter as a Petition for Lien or Levy Action under Code Section 6320(c) or 6330(d) (petition). By order dated April 1, 2002, and directed to petitioner Russell L. Voorhees only, this Court ordered the filing of a petition complying with the requirements of Rule 331(b) and also required payment of the filing fee. Thereafter petitioners submitted an Amended Petition for Lien or Levy Action (amended petition) that was filed on May 3, 2002. Both Russell L. and Ruth C. Voorhees signed the amended petition. Both were residents of Arizona at the time of the filing of the amended petition.

On May 30, 2002, respondent filed the motion to dismiss. On June 12, 2002, petitioners filed a Response to Motion to Dismiss and Strike as to Ruth C. Voorhees (response). Russell L. Voorhees and Ruth C. Voorhees appeared at the hearing on respondent's motion to dismiss, and respondent was represented by counsel.

## Discussion

If any person liable to pay any tax neglects or refuses to pay that tax within 10 days after notice and demand for payment, the Secretary is authorized to collect the tax by levy upon the person's property. Section 6331(a). At least 30 days prior to

proceeding with enforced collection by way of a levy on a person's property, the Secretary must notify that person in writing of the Secretary's intent to levy and must provide notice of the administrative appeals available to the taxpayer with respect to the proposed levy and sale and the procedures relating to such appeals.  Sec. 6331(d).

Generally, section 6330 provides that "the Commissioner cannot proceed with enforced collection by way of levy until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, the taxpayer may seek judicial review of the administrative determination".  Moorhous v. Commissioner, 116 T.C. 263, 268 (2001).  The notice prescribed in section 6330 shall be provided not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period and shall include an explanation that the taxpayer has a right to request an administrative hearing during that 30-day period.  Sec. 6330(a)(2), (a)(3)(B).

Pursuant to section 6330(d), "Where the Appeals Office issues a determination letter to the taxpayer following an administrative hearing regarding a notice of intent to levy, * * * the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with the Tax

Court". Moorhous v. Commissioner, supra at 268-269. The Court's jurisdiction under section 6330 depends on the issuance of a valid determination letter and the filing of a timely petition for review. Id. at 269. It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, can question jurisdiction at any time. Neely v. Commissioner, 115 T.C. 287, 290 (2000).

If a husband and wife file a joint Federal income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several". Sec. 6013(d)(3). Section 6330, however, "does not direct the Commissioner to treat a husband and wife who have filed a joint return as a single person for purposes of that provision * * * [and] it follows that the Commissioner may elect to pursue one or both the spouses for the collection of the tax." Moorhous v. Commissioner, supra at 271.

As we have indicated above, on August 21, 2001, and in accordance with section 6331, respondent issued to petitioners a notice of intent to levy. Petitioner Russell L. Voorhees then completed a timely request for hearing, and, in accordance with section 6330, he received an Appeals Office hearing. Although respondent issued the notice of intent to levy to both petitioners, the Appeals Office only issued a notice of determination to petitioner Russell L. Voorhees. Under these

circumstances, pursuant to section 6330(d), only petitioner Russell L. Voorhees may file a petition with the Court. Since respondent did not issue a notice of determination to petitioner Ruth C. Voorhees, petitioner Ruth C. Voorhees may not invoke this Court's jurisdiction.

We reject petitioners' contention that respondent's motion is raised late in the proceedings and is untimely. The notice of determination is a jurisdictional requirement of the Court, and jurisdictional matters may be raised at any stage of the proceedings. In addition, in their response to the motion to dismiss petitioners contend that dismissal against petitioner Ruth C. Voorhees would amount to a dismissal against both petitioners and that such a result is "not within the purview or the intent of the law". This contention is without merit. Petitioners are not treated as a single person under section 6330. Because Ruth C. Voorhees did not request a hearing, the Appeals Office was not obligated to conduct a hearing with respect to her liabilities. Consequently the Appeals Office was not obligated to issue a notice of determination to Ruth C. Voorhees and did not do so. Because Ruth C. Voorhees did not receive a notice of determination, she may not join in petitioner Russell L. Voorhees' challenge to his notice of determination. See Moorhous v. Commissioner, supra at 270 (holding that taxpayer husband, who filed jointly with his wife but did not receive a

notice of determination, could not join in taxpayer wife's challenge to her notice of determination).

In view of the foregoing, we shall grant respondent's motion to dismiss for lack of jurisdiction as to petitioner Ruth C. Voorhees on the ground that, because of her failure to request a hearing, the Appeals Office did not issue a notice of determination to her to form the basis for a petition to this Court under section 6330(d). In addition, we shall strike all portions of paragraphs 1 and 4 of the petition in which reference is made to Ruth C. Voorhees.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion to dismiss for lack of jurisdiction and to strike will be issued</u>.