T.C. Memo. 2003-190


UNITED STATES TAX COURT


DANNY AND RUTH KOSBAR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5371-02.                    Filed July 1, 2003.


Danny Kosbar and Ruth Kosbar, pro sese.

Bryan E. Sladek, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, Judge:  Petitioners petitioned the Court under section 6404(h) to review respondent's determination not to abate interest for 1990 and 1991.  Following respondent's concession that respondent will abate interest for the 3-day period from June 20 through 22, 2001, we determine whether respondent abused his discretion under section 6404 by not abating more of the

interest.  We hold he did not.  Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some facts were stipulated.  We incorporate herein by this reference the parties' stipulation of facts and the exhibits submitted therewith.  We find the stipulated facts accordingly.  Petitioners are husband and wife.  They resided in Hastings, Michigan, when their petition was filed with the Court.

Petitioners filed timely 1990 and 1991 joint Federal income tax returns and paid the reported taxes.  Respondent audited those returns in 1993 and disallowed certain claimed business expenses.  Respondent's disallowance of these expenses increased petitioners' tax liability for 1990 and 1991.  Respondent also determined during the audit that petitioners were liable for 1990 and 1991 accuracy-related penalties under section 6662(a).

On September 17, 1993, petitioners agreed to the assessment of the amount of taxes and penalties determined by respondent. Subsequently, on several occasions, petitioners offered to respondent a compromise of the amount of those assessed amounts. Respondent rejected each of these offers.

On December 28, 2000, petitioners filed with respondent Forms 843, Claim for Refund and Request for Abatement, for 1990

and 1991, requesting that unpaid interest and penalties be abated. On November 1, 2001, respondent mailed to petitioners respondent's determination denying their claims as to the abatement of interest.

OPINION

Pursuant to section 6404(e)(1), the Commissioner may abate the assessment of interest on: (1) Any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act, or (2) any payment of any tax described in section 6212(a) to the extent that any error or delay in payment is attributable to the officer's or employee's being erroneous or dilatory in performing a ministerial act.[1] The temporary regulations interpreting section 6404(e) define a "ministerial act" as "a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place." Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163

---

[1] Sec. 6404(e) was amended by sec. 301(a)(1) and (2) of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an unreasonable error or delay resulting from managerial or ministerial acts. That amendment does not apply here in that it is effective for interest accruing with respect to deficiencies for taxable years beginning after July 30, 1996. Id.

(Aug. 13, 1987).[2]  We review for abuse of discretion respondent's determination denying an abatement of interest.  See sec. 6404(i); <u>Lee v. Commissioner</u>, 113 T.C. 145, 149 (1999).

We find no abuse of discretion here.  As we understand petitioners' sole argument as to respondent's refusal to abate interest, they are not liable for any of the disputed interest because, they state, they are not liable for the taxes and penalties upon which the interest accrues.  We have no jurisdiction in this case to decide that issue as framed by petitioners.  We acquire our jurisdiction over this case from section 6404(h), and that section does not authorize us to decide in this case whether taxes or penalties assessed by the respondent are proper.  Sec. 6404(b); <u>Krugman v. Commissioner</u>, 112 T.C. 230, 237 (1999); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 21 nn. 4&6 (1999); cf. <u>Estate of Wenner v. Commissioner</u>, 116 T.C. 284, 288 n.2 (2001).  Given that petitioners have not established that respondent abused his discretion as to his determination of the disputed interest, we sustain that determination.

---

[2] The final regulations under sec. 6404, which were issued on Dec. 18, 1998, do not apply here in that they generally apply to interest accruing on deficiencies or payments of tax described in sec. 6212(a) for taxable years beginning after July 30, 1996. Sec. 301.6404-2(d)(1), Proced. & Admin. Regs.

To reflect respondent's concession,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
