T.C. Memo. 2003-336

UNITED STATES TAX COURT

LOUISE SIRIANNI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12866-02.            Filed December 8, 2003.

Louise Sirianni, pro se.

<u>Donna F. Herbert</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent moved for partial summary
judgment on the question of whether this Court has jurisdiction
to decide petitioner's claim for relief under section 6015.[1]

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the period under
consideration, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

Petitioner initially petitioned this Court for review of respondent's determination not to abate interest under section 6404. Petitioner then amended her pleading to include a claim for relief from joint and several liability. We must determine whether we have jurisdiction to decide petitioner's claim as to joint and several liability.

Background

Petitioner and her husband were investors in a TEFRA partnership, Oak Co., during the years 1982 and 1984. Oak Co. was an investor in Bishop Energy Technology Associates, which was an "Elektra Hemisphere" partnership. This Court's decision concerning the partnership items for Bishop Energy Technology Associates, et al., became final on April 3, 1999. Pursuant to section 6229(d)(2), respondent had 1 year from the date this Court's decision became final to assess any additional tax, penalties or interest in connection with the partnership items or affected items. On March 27, 2000, which was within 1 year of the date the Court's decision became final, respondent assessed the additional tax, penalties, and interest against the Siriannis.

Sometime after the March 27, 2000, assessment, petitioner and her husband requested an abatement of interest on the deficiency arising from the partnership. On February 7, 2002, respondent notified the Siriannis of respondent's final

determination not to abate the interest. The Siriannis timely filed a petition for review of respondent's determination under the provisions of section 6404.

The petition was filed in the names of Louise Sirianni and Sam Sirianni (Mr. Sirianni); however, Mr. Sirianni did not sign the petition. Petitioner informed respondent that Mr. Sirianni passed away on May 15, 2001. Because a petition was not filed on behalf of Mr. Sirianni or his estate, respondent moved to dismiss Mr. Sirianni from the case. We granted respondent's motion.

On or about October 25, 2002, petitioner submitted an administrative request to respondent for relief from joint and several liability under section 6015. On February 6, 2003, before she received a determination from respondent and less than 6 months after her administrative request, the petition was amended to include a claim for relief under section 6015. On February 14, 2003, respondent denied petitioner's administrative request, and on March 25, 2003, petitioner filed an administrative appeal with respondent's Appeals Office. Petitioner's administrative appeal is currently pending administrative review.

On June 30, 2003, 8 months from the date that petitioner filed her section 6015 administrative request, respondent moved for partial summary judgment as to whether petitioner is entitled to raise a claim for relief under section 6015 in this proceeding

brought under section 6404. Respondent has not accused petitioner of any inappropriate practice, such as delay, bad faith, or dilatory motive in amending the petition. Further, respondent has not shown that petitioner's amendment would prejudice respondent in any respect.

Discussion

Respondent moved for partial summary judgment on the question of whether we have jurisdiction to decide petitioner's section 6015 claim for relief from joint and several liability. Respondent argues that we lack jurisdiction over the section 6015 claim because petitioner's right to petition under section 6015 had not matured. Respondent further argues that a claim for section 6015 relief does not fit within our statutory jurisdiction to decide a section 6404 proceeding.

Summary judgment is appropriate if there are no genuine issues as to any material facts and a decision may be rendered as a matter of law, whereas a partial summary adjudication may be made which does not dispose of all the issues in the case. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). There is no dispute as to any material facts, and this controversy involves a question that is ripe for partial summary judgment. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

"[T]he Tax Court is a court of limited jurisdiction, and we

may exercise our jurisdiction only to the extent authorized by Congress." Naftel v. Commissioner, 85 T.C. 527, 529 (1985). "The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion." Id. at 530.

Our jurisdiction to review a claim for relief from joint and several liability is found in section 6015(e)(1)(A), which provides:

>     (A) In general.--In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed--
>         (i) at any time after the earlier of--
>
>             (I) the date the Secretary mails, * * * notice of the Secretary's final determination of relief available to the individual, or
>
>             (II) the date which is 6 months after the date such election is filed with the Secretary, and
>
>         (ii) not later than the close of the 90th day after the date described in clause (i)(I).

Petitioner amended her section 6404 petition to include a claim under section 6015 at a time when she did not meet the requirements to independently file a petition under section 6015(e). Petitioner had not received a final determination from respondent denying her claim, nor had 6 months passed from the time petitioner had filed her election with respondent. At this point, petitioner's circumstances were substantially similar to

and would have been governed by the holding in <u>Estate of Wenner</u> <u>v. Commissioner</u>, 116 T.C. 284 (2001).

In <u>Estate of Wenner</u>, the taxpayer had sought to raise a section 6015 claim in the context of a section 6404 proceeding. The taxpayer, however, had not filed an administrative request for relief under section 6015. In <u>Estate of Wenner</u>, as in this case, the Commissioner argued that we lacked jurisdiction with regard to that claim.

Respondent suggests that our decision in <u>Estate of Wenner</u>, is wrong and has asked, in this case, that we reconsider our holding and overrule it. We need not reconsider our holding in <u>Estate of Wenner</u>, because petitioner's circumstances have changed during the pendency of this case.

Petitioner's administrative appeal has now been pending for more than 6 months without a final determination by respondent, which satisfies section 6015(e)(1)(A)(i)(II). Currently, she is entitled to separately petition this Court under that section. Due to the fact that petitioner may separately petition her section 6015 claim, we have jurisdiction over that claim and may hear it with her section 6404 claim. Accordingly, there is no basis or reason for our reconsideration of the holding in <u>Estate of Wenner</u>.

Petitioner's section 6015 and section 6404 claims are properly before this Court. It would not be efficient or

reasonable to cause petitioner the expense and inconvenience of filing separate proceedings in this Court. Nor would it be efficient or reasonable to hold a separate trial for each of petitioner's claims.[2] We hold that we have jurisdiction to decide petitioner's section 6015 claim, and that claim may be heard in one proceeding with petitioner's section 6404 claim.

To reflect the foregoing,

<u>An appropriate order will be issued denying respondent's motion for partial summary judgment.</u>

---

[2] Respondent admits that petitioner has the right to petition this Court because the 6-month period provided for in sec. 6015(e)(1)(A)(i)(II) has expired. However, respondent argues that judicial economy would be best served by waiting to see whether petitioner's administrative appeal is denied. If the appeal is denied, respondent suggests holding a stand-alone proceeding under sec. 6015(e). It appears that respondent seeks this roundabout approach as a means to provide this Court with the opportunity to reconsider the holding in <u>Estate of Wenner v. Commissioner</u>, 116 T.C. 284 (2001). Should respondent grant petitioner's administrative appeal of the denial of sec. 6015 relief, respondent will be in a position to concede that petitioner is entitled to relief in this proceeding.