T.C. Memo. 2004-105

UNITED STATES TAX COURT

RUSSELL L. VOORHEES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6891-02L.                    Filed April 22, 2004.

Russell L. Voorhees, pro se.

<u>R. Bradley Taylor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent, on March 14, 2002, issued a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 (notice of determination), with regard
to petitioner's 1991 and 1996 taxable years, determining to
proceed with enforced collection, including levy.  Petitioner
timely petitioned this Court seeking to dispute the underlying

merits of his tax liabilities for 1991 and 1996 and to show that respondent's determination to proceed with collection was an abuse of discretion.[1]

On November 5, 2003, respondent filed a Motion For Summary Judgment seeking to preclude petitioner from addressing the merits of his underlying tax liabilities.  In a January 23, 2004, Order, this Court granted respondent's motion with respect to the 1991 tax year based on section 6330(c)(2)(B) and denied respondent's motion with respect to the 1996 year.  At trial, petitioner conceded that he did not want to raise the underlying merits of his 1996 tax liability, which arose due to petitioner's self-assessed tax liability reflected in his 1996 tax return.

The remaining issue for our consideration is whether respondent abused his discretion in refusing to accept petitioner's offer in compromise.

All section references are to the Internal Revenue Code in effect for the years in issue.

                          FINDINGS OF FACT

At the time of filing his petition, petitioner resided in Phoenix, Arizona.  On February 3, 1993, petitioner filed his 1991 Federal income tax return, and on July 19, 1994, respondent

---

[1] It may be noted that in a prior Memorandum Opinion the Court granted a motion by respondent to dismiss Ruth C. Voorhees from this proceeding for lack of jurisdiction.  Voorhees v. Commissioner, T.C. Memo. 2002-289.

issued a notice of deficiency for the tax year 1991 determining a $7,363 income tax deficiency and penalties in the amounts of $367 and $1,473. Petitioner filed a timely petition with this Court in connection with his 1991 tax return filed February 3, 1993, and on October 18, 1995, an agreed decision was entered reflecting a $2,717 income tax deficiency and no penalties or additions to tax for petitioner's 1991 tax year. On August 18, 1997, petitioner filed his 1996 income tax return showing a balance due.

On August 21, 2001, respondent issued petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to petitioner's 1991 and 1996 outstanding income tax liabilities, which totaled $5,743.04, including statutory additions. Petitioner requested a hearing, and on January 24, 2002, a face-to-face hearing was held between petitioner and respondent's Appeals officer. On February 16, 2002, petitioner submitted Form 656, Offer in Compromise, along with a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, offering to pay $1,500 in full payment of the outstanding liabilities.

At the time that petitioner offered $1,500 in full settlement of more than $5,000 in liabilities, petitioner was paying $500 per month on credit card debt. Subsequent to the rejection of petitioner's offer, petitioner was able to borrow

$15,000 on assets that he owned at the time of the consideration of his offer.

Respondent rejected petitioner's offer and countered with an offer to permit petitioner to make $100 monthly installment payments to pay the outstanding liabilities. Petitioner rejected those terms, and respondent, on March 14, 2002, issued a notice of determination, advising petitioner that respondent intended to proceed with enforced collection. Petitioner filed an Amended Petition with this Court on May 3, 2002.

OPINION

We have held in an Order dated January 23, 2004, that petitioner is precluded from contesting the underlying merits of his 1991 income tax liability, and petitioner does not contest his self-assessed 1996 liability. Accordingly, our review of the administrative determination is for abuse of discretion. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner contends there was an abuse of discretion due to respondent's rejection of petitioner's $1,500 offer in compromise. That decision was made based on information available to respondent showing that petitioner was able to satisfy the outstanding tax liabilities.

Petitioner contended at trial that the 1991 income tax liability should have been about one-half of the $2,717 amount to which he had agreed in the decision entered October 18, 1995.

Petitioner's contention is based on his allegation that he signed a blank decision with the understanding that the income tax deficiency would have been an amount approaching $1,500. Petitioner further alleges that upon receipt of the entered decision the amount of the "agreed" income tax deficiency was almost double the amount he thought he had agreed to with respondent. The Court asked petitioner whether he had brought the alleged discrepancy to this Court's attention after the decision was entered in 1995. Petitioner testified that it was not worth his effort or monetary cost at the time so he did nothing. Respondent argued that petitioner's $1,500 offer in compromise was based on petitioner's belief that the wrong amount had been included in the decision.

Sections 6320 and 6330 provide for a hearing in connection with certain collection activity by respondent. Under section 6330(c)(2)(B) a taxpayer may raise the merits of the underlying liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." It is clear in this case that petitioner received a statutory notice of deficiency and did have an opportunity to dispute such tax liability. Under the statute, and under the doctrine of res judicata, it does not matter whether petitioner is now in a position to show that the

outcome or holding resulting from that opportunity may be in error.  <u>Id.</u>

In addition, respondent has, in all other respects, complied with the requirements of section 6330 so as to be entitled to proceed with collection of petitioner's outstanding tax liabilities for 1991 and 1996.  We hold that there was no abuse of discretion in respondent's determination to proceed with collection.

To reflect the foregoing,

<u>Decision will be entered for</u>
<u>respondent</u>.