# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1110

_____

Nancy A. Sjodin,                           *

                                   *

           Appellant,               *

                                 *   Appeal from the United States

      v.                           *   Tax Court.

                                 *

Commissioner of Internal Revenue,   *   [UNPUBLISHED]

                               *

           Appellee.                *

_____

Submitted: May 24, 2006
Filed: May 30, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Nancy Sjodin appeals from an order of the tax court holding that the Internal Revenue Service (IRS) had not abused its discretion in denying Sjodin innocent spouse relief under the Internal Revenue Code, 26 U.S.C. § 6015(f). We need not consider the merits of Sjodin's claim for relief because we conclude that the tax court lacked jurisdiction over her petition for review.

Sjodin filed joint tax returns with her husband for tax years 1987, 1988, 1990, and 1992, each of which "reflected tax due which was not paid at the time of filing." The IRS did not assess deficiencies against the Sjodins for any of these tax years. Sjodin petitioned the IRS for innocent spouse relief from the unpaid tax liability under

26 U.S.C. § 6015(f) (taking into account all facts and circumstances, Secretary may relieve taxpayer of liability if it is inequitable to hold individual liable for unpaid tax or any deficiency, and relief is not available under subsection (b) or (c)), and in April 2003, the IRS issued a Notice of Determination denying her request. Sjodin appealed that decision to the tax court, which concluded on the merits that the IRS had not abused its discretion in denying Sjodin relief. Sjodin appealed the tax court decision to this court.

This circuit has recently concluded that the issuance of a deficiency by the IRS is a prerequisite for tax court jurisdiction over a petition for review from an IRS determination regarding relief available under § 6015. See 26 U.S.C. § 6015(e)(1); Bartman v. Comm'r, 2006 WL 1147265, *2 (8th Cir. May 2, 2006) (under § 6015(e), tax court lacks jurisdiction over petition for review from an IRS determination regarding availability of § 6015(f) relief, unless deficiency has been asserted against taxpayer); see also Comm'r v. Ewing, 439 F.3d 1009, 1012-14 (9th Cir. 2006) (same). Thus, we vacate the tax court's decision and remand with instructions that it dismiss the petition for lack of jurisdiction. See Bartman, 2006 WL 1147265, at *3 (vacating tax court's finding that petitioner's claim regarding one tax year at issue was time-barred because court lacked jurisdiction over issue).

_____