T.C. Memo. 2006-209

UNITED STATES TAX COURT

CLAIRE C. MEADE, Petitioner AND JAMES W. MEADE, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8357-04.                  Filed September 27, 2006.

Claire C. Meade, pro se.

James W. Meade, pro se.

Lauren B. Epstein, for respondent.

MEMORANDUM OPINION

KROUPA, Judge: This case was assigned to and trial was
conducted by Chief Special Trial Judge Peter J. Panuthos pursuant
to section 7443A(b)(6)[1] and Rules 180 and 183. His recommended

---

[1] All Rule references are to the Tax Court Rules of
(continued...)

findings of fact and conclusions of law were filed and served upon the parties on November 25, 2005. Neither party filed anything in response to the recommended findings of fact and conclusions of law.

We are mindful in reviewing Chief Special Trial Judge Panuthos's recommended findings of fact that new Rule 183(d) provides we shall give due regard to the circumstance that the Special Trial Judge had the opportunity to evaluate the credibility of witnesses and shall presume the findings of fact recommended by the Special Trial Judge to be correct.

We have given appropriate deference to the Special Trial Judge's recommended findings of fact. We have made major changes to his conclusions, however, taking into account subsequent decisions by the U.S. Courts of Appeals for the Eighth and Ninth Circuits and by this Court. See Sjodin v. Commissioner, 174 Fed. Appx. 359 (8th Cir. 2006), vacating and remanding per curiam T.C. Memo. 2004-205; Bartman v. Commissioner, 446 F.3d 785 (8th Cir. 2006), affg. in part and vacating in part T.C. Memo. 2004-93; Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002), vacating 122 T.C. 32 (2004); Billings v. Commissioner, 127 T.C. ___ (2006). The recommended findings of fact and conclusions of law of Chief Special Trial Judge

---

[1](...continued)
Practice and Procedure, and all section references are to the Internal Revenue Code.

Panuthos, as modified in major respects, are set forth below as the report of the Court.

This case arose from petitioner's request for relief from joint and several liability under section 6015(f) for the taxable years 1998, 1999, and 2000.[2]  After our Opinion was filed in Billings, we issued an order directing the parties to show cause why this case should not be dismissed for lack of jurisdiction. Respondent filed a response to the Court's order agreeing that we lack jurisdiction.  Petitioner filed a document that was nonresponsive to the jurisdictional issue but questioned whether she had any liability if no deficiency was asserted against her. We have concluded that we lack jurisdiction to review respondent's denial of relief under section 6015(f) where no deficiency has been asserted, and we shall therefore dismiss this case for lack of jurisdiction.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated by this reference.  Petitioner and

---

[2]  Petitioner elected small tax case status pursuant to sec. 7463, and the Court granted the request.  Before trial, respondent made an oral motion to discontinue small tax case proceedings because the amount of relief sought exceeded the applicable jurisdictional amount prescribed in the statute.  The Court agreed with respondent and granted respondent's oral motion to strike the "S" designation from this case.  See secs. 6015(e), 7463(f).  The Court explained to the parties that the case would be considered under the Rule 183 procedures.

intervenor resided in Sarasota, Florida, at the time she filed the petition and he filed the notice of intervention.

Petitioner and intervenor were married in 1981, and they have lived together as husband and wife. At the time of trial they had not divorced or separated. On August 11, 2003, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, to the Internal Revenue Service (IRS). The IRS issued a notice of determination with respect to the taxable year 1998 on March 23, 2004. On June 18, 2004, a notice of determination was issued with respect to the taxable years 1999, 2000, and 2001. The petition seeking relief for the taxable years 1998, 1999, and 2000 was filed May 20, 2004.[3]

## Discussion

A tax deficiency is a prerequisite to relief under section 6015(b) or (c). Sec. 6015(b)(1)(B) and (c)(1); Block v. Commissioner, 120 T.C. 62, 65-66 (2003). Petitioner and intervenor filed joint returns resulting in an underpayment. There being no tax deficiency, relief is not available under either subsection (b) or (c). See Washington v. Commissioner,

---

[3] While the petition was filed before the notice of determination issued on June 18, 2004, the petition appears to have been filed on a date that is 6 months after the date the sec. 6015 election was made. See sec. 6015(e)(1)(A)(i)(II). Neither party has questioned jurisdiction with respect to 1998, 1999, or 2000 in this respect.

120 T.C. 137, 146-147 (2003). Thus, petitioner's only claim is that she is entitled to equitable relief under section 6015(f).

After the trial, the U.S. Court of Appeals for the Ninth Circuit and the U.S. Court of Appeals for the Eighth Circuit both held that we do not have jurisdiction to consider the Commissioner's denials of requests for relief under section 6015(f) where no deficiency has been asserted. Sjodin v. Commissioner, supra; Bartman v. Commissioner, supra; Commissioner v. Ewing, supra. We have since come to the same conclusion. Billings v. Commissioner, supra.

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Whether this Court has jurisdiction is fundamental, and we may question our jurisdiction at any time. Smith v. Commissioner, 124 T.C. 36, 40 (2005) (citing Raymond v. Commissioner, 119 T.C. 191, 193 (2002), Neely v. Commissioner, 115 T.C. 287, 290 (2000), and Romann v. Commissioner, 111 T.C. 273, 280 (1998)); Naftel v. Commissioner, supra at 530. As we have concluded that we do not have jurisdiction to review the Commissioner's denials of requests for relief under section 6015(f) where no deficiency has been asserted, we shall dismiss this case for lack of jurisdiction.

To reflect the foregoing,

<u>An order of dismissal</u>

<u>for lack of jurisdiction</u>

<u>will be entered</u>.