Goeke, J., dissenting: The final holding of the majority opinion is that we do not have jurisdiction because the notice of deficiency is invalid. I disagree with this conclusion. I conclude that I am unable to simply concur in the result because I believe we have jurisdiction. Because the parties have resolved the issue which I believe provides jurisdiction and the other issues were properly resolved in the prior partnership-level case, the jurisdiction issue has no practical effect on the resolution of this matter but rather only on the manner the resolution is documented. In future cases, I believe the question of jurisdiction presented here will not be so easily resolved and we will be forced to distinguish aspects of the precedent we create today. Section 301.6231(a)(6)-l(a), Proced. & Admin. Regs., provides that “if a change in a partner’s tax liability cannot be made without making one or more partner-level determinations”, the deficiency procedures shall apply to the change(s). The issue of whether the change in a partner’s tax liability which results from a partnership determination requires “one or more partner-level determinations” is acknowledged by the Chief Counsel of the Internal Revenue Service as a decision that creates “uncertainty”. To account for this uncertainty the Chief Counsel has issued instructions that partners who have reported a loss as a result of the sale of a partnership interest or a distribution by a partnership will be issued affected items notices of deficiency. Chief Counsel Notice CC-2009-11 (Mar. 11, 2009). The present case is such a situation, and it is clear the notice of deficiency in this case was not inadvertent. When faced with similar notices of deficiency issued by the Commissioner to resolve the uncertainty of whether an issue requires partner-level determinations, I submit we should not find such notices of deficiency invalid. We should take jurisdiction to carefully resolve the uncertainty. This is not to say that the majority has not carefully resolved the present case, but the time and effort to address what is determined to be a jurisdictional issue in itself demonstrates the impracticality of the majority’s approach.[1] I believe we are legally incorrect in the holding that the notice of deficiency in the present case is invalid. The determination of invalidity rests on the restrictions contained in section 6230(a)(1), which, as the majority states, provides the deficiency procedures “shall not apply” to computational adjustments except where the deficiency is attributable to “affected items which require partner level determinations”, in which case the deficiency procedures do apply. Respondent issued the notice of deficiency because he determined that it might be required pursuant to section 6230(a)(2)(A)(i). The present notice of deficiency was issued to resolve whether there is in fact a deficiency. It determines a deficiency for a specific year and is identified as a notice of deficiency. These are the elements of a valid notice. Campbell v. Commissioner, 90 T.C. 110, 115 (1988) (“The notice must advise the taxpayer that respondent has, in fact, determined a deficiency, and must specify the year and amount.”). If a notice incorrectly determines a deficiency, we do not lose jurisdiction. See, e.g., Neely v. Commissioner, 115 T.C. 287 (2000). The majority finds that respondent’s intentional determination of a deficiency is invalid and therefore this invalidates the notice of deficiency. This determination is not supported by the precedent the majority cites. This case is not based upon a clear error or inadvertent use of the deficiency procedures. Respondent clearly and intentionally determined a deficiency where the existence of a deficiency was uncertain. This describes the circumstances in our deficiency docket in general. After careful scrutiny of facts which were not apparent from the face of the notice of deficiency and after a settlement reached by the parties, we now know that the amount of tax determined in the notice of deficiency was incorrect. However, our conclusion that the deficiency determined in the notice was incorrect does not invalidate the notice of deficiency. [2] We should expect this issue to arise in the near future in the context of other complex partnership issues with complex partner-level computations. Have we now made the determination of the correct application of section 6230 in each of these cases a jurisdictional analysis? I hope not. Kroupa, J., agrees with this dissent. Petitioners filed their petition on Dec. 19, 2008. Respondent filed his motion to dismiss for lack of jurisdiction 1 year later on Dec. 2, 2009. After extended briefing and consideration, we are deciding on Dec. 27, 2011, that we lack jurisdiction. As the majority writes in citing and quoting extensively from Hannan v. Commissioner, 52 T.C. 787 (1969).