SECC Corporation, Petitioner *v.* Commissioner
of Internal Revenue, Respondent

Docket No. 3937–12.                Filed April 3, 2014.

In this case brought under I.R.C. sec. 7436, P seeks our
determination of the proper classification of P's workers for
employment tax purposes and certain related issues. R sent P
a letter (Apr. 15, 2011, letter) which stated that P's employ-

ment tax liabilities as determined by Appeals will be assessed. The letter was not sent by certified or registered mail. P petitioned this Court more than 90 days after R sent the Apr. 15, 2011, letter. *Held*: The Apr. 15, 2011, letter was a determination relating to the classification of P's workers for employment tax purposes. *Held, further*, the determination related to matters specified in I.R.C. sec. 7436(a) over which we have jurisdiction. *Held, further*, the determination related to an actual controversy in connection with an audit which was part of an examination. *Held, further*, because R did not send P a notice of determination by certified or registered mail, the 90-day period for filing an action in the Court provided in I.R.C. sec. 7436(b)(2) is inapplicable and the petition is timely. *Held, further*, I.R.C. sec. 7436(d)(1), applying the principles of several listed Internal Revenue Code sections to I.R.C. sec. 7436, does not alter our holdings stated above. *Held, further*, R's motion to dismiss for lack of jurisdiction and P's cross-motion to dismiss for lack of jurisdiction will be denied.

*Alvah Lavar Taylor*, for petitioner.
*Vladislav M. Rozenzhak*, for respondent.

OPINION

COLVIN, *Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's cross-motion to dismiss for lack of jurisdiction. The issue for decision is whether we have jurisdiction to determine whether respondent's worker classification determination was correct. We hold that we have jurisdiction.[1]

## *Background*

The record establishes and/or the parties do not dispute the following.

Petitioner was a California corporation with its principal office in Corona, California, when it filed the petition.

## A. *Petitioner's Business and Petitioner's Workers*

During the tax periods in issue petitioner operated a business connecting cable lines (cable splicing) for corporate and residential customers. From 2005 through 2007 petitioner

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

employed 117 to 145 workers whom it paid to perform cable splicing services.

During the tax periods in issue petitioner treated its workers in dual capacities: as employees and as independent contractors, i.e., as lessors to petitioner of tools and vehicles they were required to provide in connection with providing services for petitioner. Petitioner reported taxable hourly wages for its workers on Forms W–2, Wage and Tax Statement. Petitioner also made payments to its workers for rental of tools and vehicles (equipment lease payments). Petitioner did not classify its workers as employees for purposes of equipment rental. Petitioner reported the equipment lease payments on Forms 1099–MISC, Miscellaneous Income, as nonemployee compensation for 2005 and as rent for 2006 and 2007.

B. *The IRS Examination and Appeals Process*

In 2008 respondent audited petitioner's Forms 941, Employer's Quarterly Federal Tax Return, for all tax periods in 2005, 2006, and 2007. On September 24, 2008, respondent sent petitioner an audit report (30-day letter) stating that the Examination Division had concluded that petitioner is liable for the following Federal Insurance Contributions Act and withholding tax increases (imposed under sections 3101, 3111, and 3402) and penalties as a result of respondent's classification of the equipment lease payments to petitioner's workers as wages:

| Tax period ending | Proposed tax increase | Proposed sec. 6656 penalty |
|---|---|---|
| 3/31/05 | $105,914 | $1,975 |
| 6/30/05 | 104,557 | 1,907 |
| 9/30/05 | 104,287 | 1,893 |
| 12/31/05 | 104,117 | 1,885 |
| 3/31/06 | 90,903 | 1,682 |
| 6/30/06 | 90,615 | 1,668 |
| 9/30/06 | 90,590 | 1,666 |
| 12/31/06 | 90,206 | 1,647 |
| 3/31/07 | 109,987 | 2,051 |
| 6/30/07 | 109,960 | 2,050 |
| 9/30/07 | 108,140 | 1,959 |
| 12/31/07 | 106,480 | 1,876 |
| Total | 1,215,756 | 22,259 |

On the assumption that the equipment lease payments were properly classified as wages, the 30-day letter also said that those payments did not meet the requirements of section 62(c) for treatment as reimbursements under an accountable plan and therefore were subject to employment taxes. The 30-day letter said that the Examination Division had made a "final determination on this issue" but also said that "[t]hese changes to your employment taxes are not based on a worker classification determination."

On November 15, 2008, petitioner filed a protest with the Examination Division and requested a hearing with the Internal Revenue Service (IRS) Appeals Office. In the protest, petitioner contended that for the periods in issue: (1) the equipment lease payments were not properly classified as wages; (2) its workers were independent contractors with respect to both the amounts paid to them as wages and the equipment lease payments; (3) petitioner qualifies for relief under the Revenue Act of 1978, Pub. L. No. 95–600, sec. 530, 92 Stat. at 2885 (RA '78 sec. 530), and sections 3402(d) and 3509; and (4) petitioner is not liable for any penalties.

In January 2009 Appeals acknowledged receipt of the case. Petitioner's representative met with an Appeals officer. Petitioner's representative notified the Appeals officer that it was continuing to raise all of the issues stated in its protest.

On November 9, 2009, Appeals returned the case to the Examination Division for further consideration because Appeals had concluded that "additional development by the Examination Division of the issue at hand is needed." The case was returned to Appeals on March 15, 2010. An undated Appeals Case Memo states in part the following:

Were the workers at issue independent contractors?

**No.** Taxpayer's argument that W–2 wages paid to the employees were erroneously classified as wages to common law employees does not have merit. There is no evidence to support taxpayer's position that the workers were in business for themselves.

\*    \*    \*    \*    \*    \*    \*

Were the payments issued to the workers for tool and vehicle rentals issued to workers working under a dual capacity (common law employee and independent contractor)?

**No.** Taxpayer's argument is without merit. There is no evidence to support taxpayer's argument that the workers worked under a dual

capacity. There is no evidence showing that the taxpayer and the workers had a bona-fide rental contract.

* * * * * * *

Does the taxpayer qualify for relief under Section 530, 3509(a) or 3402(d)?

**No.** Taxpayer has not been able to substantiate his position that the payments were issued to bona-fide independent contractors.

By letter dated April 15, 2011, Appeals informed petitioner that the employment tax liabilities would be assessed in the amounts determined. The April 15, 2011, letter states:

Unfortunately, we were unable to reach an agreement on your case. The employment tax liability as determined by Appeals will be assessed and you will receive a Notice and Demand for payment of the tax, penalty, and interest owed.

If you would like to challenge our determination in court, you may file a complaint in the United States District Court or the United States Court of Federal Claims. If you decide to do this, you must first pay, at a minimum, the employment tax assessment attributable to one employee for any one quarter and file a claim for refund of the tax. Once the claim for refund is denied or 6 months elapse without any action by the Service, you may initiate suit.

The April 15, 2011, letter was not sent by certified or registered mail. Petitioner filed a petition in this Court on February 13, 2012. Respondent did not issue petitioner a Letter 3523, Notice of Determination of Worker Classification (NDWC), with respect to the tax periods in issue. On May 9, 2011, respondent sent petitioner a notice of adjustment assessing the above tax increases and penalties.

## *Discussion*

The Tax Court may exercise jurisdiction only to the extent expressly provided by Congress. *See* sec. 7442; *Breman v. Commissioner*, 66 T.C. 61, 66 (1976); *see also* Rule 13(a). However, we have the authority to determine whether we have jurisdiction over a particular case. *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984).

### A. *Positions of the Parties*

Both parties assert that this Court should dismiss this case for lack of jurisdiction because respondent did not issue an NDWC. Despite the superficial similarity of those motions, the parties have sharply contrasting views of the

effect of dismissal. Respondent contends that dismissal would deprive this Court of jurisdiction over this case, leave the assessment in place, and allow the IRS to proceed with collection.

In contrast, petitioner contends that the failure to issue an NDWC means the assessment is invalid and the IRS may not collect the disputed employment taxes unless and until an NDWC is sent. Under petitioner's theory, issuance of an NDWC would trigger the right to file a petition and seek our determination under section 7436.

Our jurisdiction is not expanded or contracted by the positions of the parties. Thus, it is not dispositive that both parties claim that we lack jurisdiction. *See Charlotte's Office Boutique, Inc. v. Commissioner*, 121 T.C. 89, 102 (2003), *aff'd*, 425 F.3d 1203 (9th Cir. 2005). We will independently decide whether we have jurisdiction.

B. *Section 7436*

Section 7436 governs proceedings in the Court for determining employment status. Section 7436(a) provides:

SEC. 7436(a). CREATION OF REMEDY.—If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that—

(1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or

(2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual,

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

Generally, we have jurisdiction under section 7436(a) to determine: (1) whether an individual providing services to a principal is that principal's employee for purposes of subtitle C; (2) whether the principal, if an employer, is entitled to relief under RA '78 sec. 530; and (3) if the individual providing services is an employee, the proper amounts of employment taxes which relate to the Commissioner's determination concerning worker classification. Sec. 7436(a).

In deciding whether we have jurisdiction, we are mindful that "in response to the expressed intent of Congress to pro-

vide a convenient, prepayment hearing, this Court and the Courts of Appeals have given the jurisdictional provisions a broad, practical construction rather than a narrow, technical meaning." *Lewy v. Commissioner*, 68 T.C. 779, 781 (1977) (fn. refs. omitted). Therefore, we should "adopt a construction which will permit the Court to retain jurisdiction without doing violence to the statutory language." *Smith v. Commissioner*, 140 T.C. 48, 51 (2013).

C. *Whether the April 15, 2011, Letter Was a Determination*

The Commissioner's "determination" of worker classification provides the predicate for our jurisdiction under section 7436(a). Respondent states that the April 15, 2011, letter is a Letter 4451, which the IRS uses as a closing letter in employment tax cases if worker classification and RA '78 sec. 530 are not at issue. Both parties argue (though with sharply conflicting views of the effect of prevailing) that issuance of an NDWC is required to give this Court jurisdiction under section 7436.

We disagree that we have jurisdiction under section 7436 only when the Commissioner has issued an NDWC. Section 7436(a) limits our jurisdiction to cases in which there has been (among other requirements) "a determination by the Secretary". In other contexts, we have held that the absence of a document bearing a particular title or format does not mean that no determination has been made. *See, e.g.*, *Corbalis v. Commissioner*, 142 T.C. 46, 57–58 (2014) (Letters 3477, even though stating they were not final determinations with respect to interest abatement, constituted final determinations for purposes of section 6404(h)); *Gray v. Commissioner*, 138 T.C. 295 (2012); *Cooper v. Commissioner*, 135 T.C. 70, 75 (2010) (a letter rejecting whistleblower claims was a determination for purposes of section 7623(b)(4)); *Wilson v. Commissioner*, 131 T.C. 47, 53 (2008); *Craig v. Commissioner*, 119 T.C. 252, 259 (2002) (a form decision letter issued after an "equivalent hearing" constituted a determination conferring jurisdiction under section 6330(d)(1)); *Lunsford v. Commissioner*, 117 T.C. 159, 164 (2001) (a written notice to proceed with a collection action constituted a determination under section 6330).

Legislative history accompanying the Taxpayer Relief Act of 1997, Pub. L. No. 105–34, sec. 1454(a), 111 Stat. at 1055, enacting section 7436 makes abundantly clear that the April 15, 2011, letter was a determination. Section 7436 originated in the House of Representatives. H.R. 2014, 105th Cong. (1997). In H.R. Rept. No. 105–148, at 639 (1997), 1997–4 C.B. (Vol. 1) 319, 961, the Explanation of Provision states, in pertinent part:

> The bill provides that, in connection with the audit of any person, if there is an actual controversy involving a determination by the IRS as part of an examination that (a) one or more individuals performing services for that person are employees of that person or (b) that person is not entitled to relief under section 530 of the Revenue Act of 1978, the Tax Court would have jurisdiction to determine whether the IRS is correct. *For example, one way the IRS could make the required determination is through a mechanism similar to the employment tax early referral procedures.* [20]
>
> [20] See Announcement 96–13 and Announcement 97–52.
> [Emphasis added.]

The Senate report includes the paragraph quoted above from the House report, and also states: "A *failure to agree* would also be considered a determination for this purpose." S. Rept. No. 105–33, at 304 (1997), 1997–4 C.B. (Vol. 2) 1081, 1384 (emphasis added). That is exactly what happened here: The April 15, 2011, letter states that they "were *unable to reach an agreement*" in this case. (Emphasis added.) The conference agreement, H.R. Conf. Rept. No. 105–220, at 734 (1997), 1997–4 C.B. (Vol. 2) 1457, 2204, contains language essentially identical to that quoted above from the House report. [2]

In summary, the 30-day letter prepared by the Examination Division and the Appeals Case Memo both explain in detail the disagreement with petitioner's position. After

---

[2] The staff of the Joint Committee on Taxation stated in its General Explanation of Tax Legislation Enacted in 1997, at 428 (J. Comm. Print 1997) (Blue Book): "A failure to agree would also be considered a determination for this purpose, *to the extent permitted under Tax Court rules.*" (Emphasis added.) (None of the Committee reports cited in the text includes the italicized phrase.) The Supreme Court said in *United States v. Woods*, 571 U.S. ___, ___, 134 S. Ct. 557, 568 (2013), that "the Blue Book, like a law review article, may be relevant to the extent it is persuasive." This Blue Book phrase does not alter our conclusion stated in the text.

saying that "unfortunately, we were unable to reach an agreement on your case", the April 15, 2011, letter states that employment tax liabilities as "determined by Appeals" will be assessed. The House report made clear that determinations for purposes of section 7436 may be made in nontraditional ways. The Senate committee report states that "[a] failure to agree" would be considered a determination, a phrase that is indistinguishable from the words "we were unable to reach an agreement" in the April 15, 2011, letter. We conclude that respondent made a determination in this case.[3]

Our analysis of section 7436 is buttressed by consideration of the twofold statute of limitations in section 6532(a)(1) for filing a refund suit. The provision given there is as follows, with bracketed [A] and [B] added by us to show the two distinct rules in the statute:

SEC. 6532(a). SUITS BY TAXPAYERS FOR REFUND.—

(1) GENERAL RULE.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun

[A] before the expiration of 6 months from the date of filing the claim required under such section *unless the Secretary renders a decision* thereon within that time, nor

[B] after the expiration of *2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice* of the disallowance of the part of the claim to which the suit or proceeding relates.

[Emphasis added.]

Rule [B] provides a hard-and-fast two-year deadline for filing suit that commences only with the certified mailing of a formal "notice". But the six-month bar of rule [A] is subject to being lifted if the Secretary simply "renders a decision". This provision of rule [A] does not require a "notice" (rather, a "decision") and includes no provision as to certified mailing or any other formality. *See Register Publ'g Co. v. United States*, 189 F. Supp. 626 (D. Conn. 1960); *Skopil v. United States*, 56–2 U.S. Tax Cas. (CCH) para. 9841 (D. Or. 1956). Thus, a taxpayer who files a refund claim and one month

[3] In arguing that we lack jurisdiction under sec. 7436, the dissenting opinion does not cite or discuss sec. 7436(a), which establishes our worker classification jurisdiction, or the legislative history underlying it, which expressly shows that we have jurisdiction under circumstances like those present here.

later gets an informal "decision" by the IRS under section 6532(a)(1)[A] may file suit, even without receiving a formal notice of disallowance under section 6532(a)(1)[B].

The features of these rules are similar to the features of section 7436(a) and (b). Section 7436(b)(2) provides a hard-and-fast 90-day deadline for filing suit that commences only "if the Secretary sends by certified or registered mail notice * * * of a determination"; yet section 7436(a) permits the filing of suit simply upon the existence of "an actual controversy involving a determination"—without regard to certified mailing and without regard to any formal "notice". Thus, a taxpayer who is the subject of a "determination" by the IRS under section 7436(a) can file suit without receiving a notice of determination under section 7436(b)(2).

Finally, neither *Charlotte's Office Boutique v. Commissioner*, 425 F.3d 1203, *Neely v. Commissioner*, 115 T.C. 287 (2000),[4] nor *Henry Randolph Consulting v. Commissioner*, 112 T.C. 1 (1999), establishes that an NDWC must be sent before we have jurisdiction to make a worker classification determination under section 7436. In none of those cases did the Court identify or decide the issue present here, i.e., whether we necessarily lack jurisdiction where no NDWC was sent. Therefore none of those opinions establishes whether we have jurisdiction where no NDWC was sent but a determination was otherwise made.[5]

---

[4] Similarly, we do not consider *Tree-Tech, Inc. v. Commissioner*, T.C. Memo. 2011–162, slip op. at 14, a collection due process case in which we cited *Neely v. Commissioner*, 115 T.C. 287 (2000), to have decided the issue now before the Court.

[5] We disregard the Commissioner's statement in Notice 2002–5, 2002–1 C.B. 320, 321, that "[b]ecause the Notice of Determination constitutes the Service's determination described in § 7436(a), * * * [it] is a jurisdictional prerequisite for seeking Tax Court review of * * * determinations regarding worker classification, § 530 treatment, and the proper amount of employment tax under those determinations." We owe no deference to what an administrative agency says about our jurisdictional bounds. *See Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027, 1038–1039 (D.C. Cir. 2002). This is so even if an agency directly or indirectly interprets the bounds of our jurisdiction through the implementation of regulations construing a statute which it administers. *See also Adams Fruit Co. v. Barrett*, 494 U.S. 638, 650 (1990) (the delegation of power to an agency to administer a statute does not empower that agency to "regulate the scope of the judicial power vested by the statute"). The dissenting opinion argues that we lack jurisdiction because the IRS did not intend for us to have

D. *Whether the Determination Related to Matters Specified in Section 7436(a) Over Which We Have Jurisdiction*

Section 7436(a) provides our jurisdiction where, among other requirements, the Secretary has determined whether:

> (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or
>
> (2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual,

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. * * *

The determination in this case dealt with worker classification disputes between petitioner and the Examination Division and the Appeals Office identified above, including whether petitioner's workers can serve in a dual capacity; whether petitioner's workers are employees with respect to any of the amounts paid to them as compensation; and whether petitioner qualifies for relief under RA '78 sec. 530 and sections 3402 and 3509(a). We conclude that the dispute between the parties includes matters specified in section 7436(a) over which we have jurisdiction. [6]

---

jurisdiction. *See* dissenting op. p. 246. The concurring opinion, which is joined by 11 of the Judges who voted yes, makes a similar point, *see* concurring op. pp. 241–242; and we note that it is the statute, not the IRS, that grants us jurisdiction.

[6] The dissenting opinion finds fault with what it calls "the majority's dual use of the word 'determination'" to refer both to the IRS decision concerning worker classification and to the April 15, 2011, letter. *See* dissenting op. pp. 244–245. There is no inconsistency in this usage. The IRS makes an internal determination concerning worker classification before it issues a letter that conveys the determination to the taxpayer. Because it is clear to us that the April 15, 2011, letter shows that a determination requisite to our jurisdiction was made, we need not decide whether, or when, the IRS made a determination for purposes of sec. 7436(a) before sending the April 15, 2011, letter.

E. *Whether the Determination Related to an Actual Contro-*
*versy in Connection With an Audit and Was Part of an*
*Examination*

Section 7436(a) provides in part that

[i]f, in connection with an audit of any person, there is an actual con-
troversy involving a determination by the Secretary as part of an exam-
ination * * *

The essential facts relating to this point are: (1) during the
tax periods at issue petitioner treated its workers dually as
employees and as independent providers of rental equipment;
(2) in the 30-day letter Ms. Buck, speaking for the Examina-
tion Division, rejected petitioner's approach and treated peti-
tioner's workers as employees with respect to the equipment
lease payments; (3) in the protest petitioner continued to
assert the position the Examination Division had rejected in
the 30-day letter and added contentions disputing that its
workers were employees with respect to any of petitioner's
payments to them and claiming entitlement to relief under
RA '78 sec. 530 and sections 3402 and 3509(a); and (4) the
case was subsequently considered by the Appeals Office and
reconsidered by the Examination Division and the Appeals
Office during which time petitioner continued to assert all of
the positions included in the protest.

On the basis of this series of events, we conclude that the
determination related to an actual controversy in connection
with an audit and was part of an examination as required by
section 7436(a). [7]

F. *Whether the Petition Was Timely*

Section 7436(b)(2) imposes a 90-day limit on filing a peti-
tion where the Commissioner sends a notice of determination
by certified or registered mail but otherwise imposes no spe-
cific time limit on filing a petition with this Court. Specifi-
cally, section 7436(b) provides:

If the Secretary sends by certified or registered mail notice to the peti-
tioner of a determination by the Secretary described in subsection (a),
no proceeding may be initiated under this section with respect to such

---

[7] In *Staffmore, LLC v. Commissioner*, T.C. Memo. 2013–187, we con-
cluded that the Court had no jurisdiction over a determination as to em-
ployment status because there was no IRS audit or examination. In this
case, however, there was an audit.

determination unless the pleading is filed before the 91st day after the date of such mailing.

Petitioner filed its petition more than 90 days after receiving the April 15, 2011, letter; however, that letter was not sent by certified or registered mail. Therefore, the 90-day limitation does not apply in this case.

The fact that section 7436 does not require filing a petition within 90 days after a determination is made (unless the notice is sent by certified or registered mail) contrasts with section 6212 relating to our deficiency jurisdiction. However, section 7436(b) closely resembles sections 7428, 7476(b)(5), 7477(b)(3), 7478(b)(3), and 7479(b)(3), which all address the time for bringing actions for declaratory judgments.[8] Sections 7428, 7476, 7478, and 7479 each create a judicial remedy even in the absence of a determination.[9] Section 7477, like section 7436, requires a "determination".[10] All of these declaratory judgment provisions, like section 7436, have almost identical rules establishing the time for bringing an action, stating almost identically that *if* the Secretary sends a notice of a determination by registered or certified mail, then the taxpayer must commence his or her action in the Tax Court within 90 days of such mailing. The similarity of section 7436(b) to these other sections eliminates any impulse we might have had to read part of section 6212 into section 7436(b). Our discussion of section 6532(a)(1) *supra* part C also supports our analysis here. We conclude that the 90-day limitation does not apply in this case because no

---

[8] Secs. 7478(b)(3), 7477(b)(3), 7479(b)(3) all provide: "If the Secretary sends by certified or registered mail notice of his determination * * * , no proceeding may be initiated under this section unless the pleading is filed before the 91st day after the date of such mailing." Sec. 7476(b)(5) is slightly different but materially the same.

[9] Secs. 7476(a) and 7478(a) both provide: "In a case of actual controversy involving—(1) a [particular] determination by the Secretary * * * , or (2) a failure by the Secretary to make a [particular] determination * * * , upon the filing of an appropriate pleading, the Tax Court may make a declaration" regarding the particular determination or lack thereof. Sec. 7476(a) is slightly different but materially the same.

[10] Sec. 7477(a) provides: "In case of an actual controversy involving a [particular] determination by the Secretary * * * , upon the filing of an appropriate pleading, the Tax Court may make a declaration" regarding the particular determination. Sec. 7436(a) is slightly different but materially the same.

notice of determination was sent by certified or registered mail and thus the petition is timely. [11]

## G. *Whether Section 7436(d)(1) Alters Our Holdings Stated Above*

Section 7436(d)(1) provides that the principles of several Code sections relating to "assessment and collection, etc." apply to section 7436. Specifically, section 7436(d)(1) provides as follows:

> SEC. 7436(d). SPECIAL RULES.—
>
>   (1) RESTRICTIONS ON ASSESSMENT AND COLLECTION PENDING ACTION, ETC.—The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under * * * [section 7436] in the same manner as if the Secretary's determination described in subsection (a) were a notice of deficiency.

Section 7436(d)(1) provides that these other sections shall apply in the same "manner as if the Secretary's *determination* described in subsection (a) were a notice of deficiency." (Emphasis added.) Importantly, it does not say "as if the *notice* described in subsection (a) were a notice of deficiency."

---

[11] In keeping with its conclusion that the analysis of the opinion of the Court "simply do[es] not work", *see* dissenting op. pp. 242–243, the dissenting opinion asks: "If the April 15, 2011, letter had been sent by certified mail, would it have triggered that deadline even though it did not purport to be a determination?", *see id.* p. 243, and: "Would the undisclosed section 7436 determination the Court found here have allowed the IRS to assess after 90 days in the absence of a petition?", *see id.* We are satisfied that the analysis herein does not cause the administrative problems posed in the dissenting opinion. In raising those questions, the dissenting opinion does not cite or discuss subsecs. (a) and (b) of sec. 7436. Subsec. (a) provides our jurisdiction simply if there has been a determination. But application of the 90-day rule is not triggered so easily; instead, under subsec. (b), the 90-day period applies only if the Secretary *sends notice* of the determination to the taxpayer (by certified or registered mail).

The statute, properly interpreted, provides clear and logical answers to the questions posed by the dissenting opinion. First, if the IRS sends the taxpayer a letter by certified or registered mail including clear notice that the IRS has made a determination of worker classification, it triggers the jurisdictional period for filing a petition in our Court. Second, if the IRS does not send a letter by certified or registered mail including clear notice that the IRS has made a determination of worker classification, the IRS may not assess after 90 days absent a petition because sec. 7436(b) requires that the Secretary first "send[] * * * notice" to the taxpayer.

In other words, jurisdiction hinges upon the making of "a determination", not necessarily the mailing of a notice.

To consider the application of this paragraph to the present case, we will first identify two principles of section 6213(a). [12] The first principle of section 6213(a) is that a taxpayer has 90 (or 150) days after the notice of deficiency is mailed to file a petition. As stated *supra* part F, section 7436(b) imposes a 90-day limit on filing a petition where the Commissioner sends a notice by certified or registered mail but otherwise does not impose a 90-day limit. To treat section 7436(d)(1) as imposing the 90-day limit that appears in section 6213(a) on section 7436 would require two leaps of faith: first, that Congress enacted an express rule (section 7436(b)) and then rewrote that rule by saying "principles" of other sections apply; and second, that the words of the title to the paragraph, "Restrictions on Assessment and Collection Pending Action", were not well chosen or were too narrowly phrased. We conclude that this principle of section 6213(a) does not cause this Court to lack jurisdiction where a petition is filed more than 90 days after a determination where the Commissioner did not exercise the right under section 7436(b)(2) to trigger a 90-day limitation period by sending the notice by certified or registered mail.

The second principle of section 6213(a) [13] is that, if a petition is filed, the IRS may not assess tax resulting from a

---

[12] The first sentence of sec. 6213(a) provides as follows:

SEC. 6213(a). TIME FOR FILING PETITION AND RESTRICTION ON ASSESS-MENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

[13] The second sentence of sec. 6213(a) provides as follows:

SEC. 6213(a). TIME FOR FILING PETITION AND RESTRICTION ON ASSESS-MENT.— * * * Except as otherwise provided in section 6851, 6852 or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has
Continued

deficiency until the Tax Court case commenced by filing a petition with respect to that deficiency is final. To treat section 7436(d)(1) as imposing this restriction on assessment requires neither of the leaps of faith just stated: There is no contrary rule on assessment in section 7436 that would be rewritten on the basis of application of principles of another section; and the title to the paragraph, "Restrictions on assessment and collection pending action", directly suggests that this second principle of section 6213(a)—i.e., if a petition is filed, the IRS may not assess tax determined to be owing as a result of a deficiency until the Tax Court case is final— applies to section 7436 because of section 7436(a)(1). In the context of section 7436, this appears to bar assessment and collection of employment tax determined to be owing after the filing of a Form 941.

In none of the sections cross-referenced by section 7436(d)(1) is there any suggestion that a 90-day (or any other) time limit applies where a notice was not sent by certified or registered mail, nor that a determination may be made only through a notice of determination. Thus, we conclude that application by section 7436(d)(1) of "the principles of" several Code sections "relating to assessment and collection, etc." to section 7436 does not limit our jurisdiction to cases in which the Commissioner sends a formal notice of determination (e.g., a Letter 3523), or imposition of the 90-day period where the Commissioner does not send a notice by certified or registered mail. [14]

---

become final. * * *

[14] Citing sec. 7436(d), the dissenting opinion states that "we should treat a worker classification determination as if it were a deficiency determination in an income tax case" because "Congress borrowed heavily from the statutes controlling income tax deficiency cases." *See* dissenting op. pp. 242, 245. Following from that assumption, the dissenting opinion relies on cases applying deficiency procedures such as *Lerer v. Commissioner*, 52 T.C. 358 (1969). *See* dissenting op. pp. 245–246. However, the dissenting opinion overlooks two essential points: (1) the text of sec. 7436(a) and (b) differs from that in the statutes governing deficiency procedures and (2) in sec. 7436(d), Congress did not list sec. 6212 as one of the sections the principles of which are made applicable to sec. 7436. The omission of sec. 6212 from sec. 7436(d) is significant because sec. 6212 provides that if the Secretary determines a deficiency, he is authorized to "send" a "notice of deficiency" by certified or registered mail. The words "send" and "notice" in sec. 7436(b) do not appear in sec. 7436(a), which establishes our

H. *Conclusion*

We hold that we have jurisdiction over this case. Respondent's motion and petitioner's cross-motion will be denied.

To reflect the foregoing,

*An appropriate order will be issued*.

Reviewed by the Court.

THORNTON, HALPERN, FOLEY, VASQUEZ, GALE, WHERRY, KROUPA, HOLMES, GUSTAFSON, PARIS, MORRISON, BUCH, LAUBER, and NEGA, *JJ*., agree with this opinion of the Court.

———————

HALPERN, *J*., concurring:

I join the majority opinion without reservation. I write only to emphasize that, not only is the majority's analysis of our jurisdiction under section 7436 correct as a matter of law; it is also correct as a matter of tax policy.

As the majority states, *see* op. Ct. note 5: "We owe no deference to what an administrative agency says about our jurisdictional bounds." Moreover, respondent's position, reflected both in this case and in Notice 2002–5, 2002–1 C.B. 320, 321, that only his issuance of a notice of determination as described in Notice 2002–5 may confer jurisdiction on this Court to resolve a worker classification or RA '78 sec. 530 issue would improperly permit the Commissioner to determine, in his sole discretion, whether a taxpayer shall have access to this Court in order to resolve any such issue raised on audit. Were we to adopt respondent's position, the Commissioner, by refusing to issue a notice of determination, would be able to deny the taxpayer access to this Court, which he may be tempted to do whenever he feels his chance of success on a worker classification or RA '78 sec. 530 issue is better in either the District Court or the Court of Federal Claims than in this Court. There is no basis in section 7436 or as a matter of policy for granting the Commissioner this "forum shopping" discretion, and it would thwart the obvious congressional intent embodied in that provision to permit taxpayers, in their discretion, [1] to litigate, in this Court,

———————

jurisdiction.

[1] "Petitioner.—A pleading *may* be filed under this section * * * by the
Continued

worker classification and RA '78 sec. 530 issues that the Commissioner has raised on audit.

THORNTON, COLVIN, VASQUEZ, GALE, WHERRY, KROUPA, HOLMES, GUSTAFSON, MORRISON, BUCH, and LAUBER, *JJ*., agree with this concurring opinion.

––––––––––––

GOEKE and KERRIGAN, *JJ*., dissenting: Our primary disagreement with the opinion of the Court stems from its insistence on cutting our jurisdiction under section 7436 from whole cloth. The structure of the statute indicates that we should treat a worker classification determination as if it were a deficiency determination in an income tax case. Instead of following the statute's mandate, the opinion of the Court applies a new approach to the jurisdictional question. We disagree with that approach and respectfully dissent.

I. *We believe the IRS must issue a notice of determination of worker classification to trigger our jurisdiction under section 7436.*

The opinion of the Court finds that section 7436 does not require the issuance of a notice of determination as a prerequisite for our jurisdiction. This conclusion is not reconcilable with section 7436(d), which provides the following directive.

> SEC. 7436(d). SPECIAL RULES.—
>
> (1) RESTRICTIONS ON ASSESSMENT AND COLLECTION PENDING ACTION, ETC.—The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under this section in the same manner as if the Secretary's determination described in subsection (a) were a notice of deficiency.

This paragraph references the analogous procedural sections that prevent the IRS from assessing and collecting income tax deficiencies unless and until it sends proper notice to the taxpayer. These restrictions and deadlines simply do not work without a notice of determination requirement. We acknowledge that the statute does not explicitly reference section 6212, which contains the notice of

––––––––––––

person for whom the services are performed." Sec. 7436(b)(1) (emphasis added).

deficiency provisions, but we think the statute incorporates its principles nonetheless. The statute directs us to apply the restrictions "in the same manner as if the Secretary's determination * * * were a notice of deficiency." We think this means that a notice of determination should set the restriction deadlines under section 7436 just as a notice of deficiency sets the restriction deadlines for income tax assessment and collection.

Section 6213(a) prevents the IRS from assessing and collecting tax before it has sent a notice of deficiency. It also provides the taxpayer 90 days from the notice of deficiency date to petition the Tax Court. Would the undisclosed section 7436 determination the Court found here have allowed the IRS to assess after 90 days in the absence of a petition? Section 6503(a) provides that a notice of deficiency suspends the running of the period of limitations for the IRS to assess and collect. Would a determination the IRS had not disclosed to a taxpayer have the same effect? Section 7436(b) provides that a taxpayer must file a petition within 90 days of a notice of determination if the IRS sent it by certified mail. If the April 15, 2011, letter had been sent by certified mail, would it have triggered that deadline even though it did not purport to be a determination? The opinion of the Court raises all these questions but dismisses them.

In note 11, the opinion of the Court points out that under section 7436(b) the 90-day window to file a petition begins only after the IRS has sent notice of its determination by certified or registered mail. According to the opinion of the Court, this means that the 90-day period will not begin "if the IRS does not send a letter by certified or registered mail including *clear notice* that the IRS has made a determination of worker classification". *See* op. Ct. note 11 (emphasis added). Although the plain language of section 7436(b) requires only "notice", the opinion of the Court reads a "clear notice" requirement into the statute in responding to our questions. In so doing, the opinion reinforces our point. By requiring clear notice, we can avoid the administrative problems we discussed above. If we accept jurisdiction in the absence of clear notice, as the Court has in this very case, the administrative problems return. Here the IRS failed to send clear notice; instead, it sent an ambiguous letter that neither party believed was a notice. Nevertheless, the Court

finds that the letter provided notice of a determination. Thus, if the IRS had sent the letter by certified mail, the Court presumably would have found that it triggered the 90-day period. Would the Court have decided not to recharacterize the letter if the IRS had used certified mail?

The Court's approach also creates an open-ended period to file a petition, which has no touchstone in the deficiency procedures. The Court ignores the possibilities for abuse that an unlimited period to bring action will create. We should avoid these and other problems by simply recognizing that only a clear notice of determination can trigger our jurisdiction under section 7436.

II. *The opinion of the Court holds that a "determination" triggers our jurisdiction, but it uses the word "determination" to refer to two different events.*

The opinion of the Court concludes that our jurisdiction turns on whether the IRS has made a "determination", but it is not clear what the Court thinks a "determination" is. The opinion of the Court identifies the issue here as "whether we have jurisdiction to determine whether respondent's worker classification *determination* was correct." *See* op. Ct. p. 226 (emphasis added). The opinion of the Court's first holding is "the April 15, 2011, letter was a *determination*" relating to the classification of P's workers for employment tax purposes. *See id.* p. 232 (emphasis added). These two excerpts demonstrate the opinion's dual use of the word "determination". In the first, it refers to the IRS decision regarding worker classification. In the second, it refers to the letter that communicated that decision. Which of these things does the Court believe triggers our jurisdiction?

If it is the first, the administrative problems we described above return. *See supra* pp. 242–244. How could we enforce time limits for filing against taxpayers who were unaware the Commissioner had made a decision? If it is the second, we think the opinion of the Court is confusing the terms "determination" and "notice of determination". Semantically speaking, a letter cannot be a determination. A determination is a decision—an abstraction. A letter is tangible. A letter can communicate a determination or serve as evidence of a determination, but it cannot itself be a determination. If

the letter triggered our jurisdiction, we are not sure the Court disagrees with our conclusion that notice is required. It simply chooses to call the notice of determination a "determination".

III. *The April 15, 2011, letter was not a notice of determination, and consequently it did not trigger our jurisdiction.*

The Court finds that the April 15, 2011, letter was a determination, but we think the proper analysis is whether it was a *notice* of determination. To qualify as a notice of determination, we think that a letter must, at a minimum, actually provide notice of a determination. The April 15, 2011, letter did no such thing. The letter did not notify SECC that the IRS had made a determination. If it had, SECC would have simply petitioned this Court for review of that determination. Instead, SECC has petitioned us to compel the IRS to issue a notice of determination. The Commissioner used a letter reserved for closing out disputes not involving worker classification determinations. If anything, the letter notified SECC that the IRS had made no worker classification determination in deciding its case.

IV. *The Court should not have recharacterized the IRS correspondence with SECC.*

Congress has given our Court the authority to review determinations of worker classification. In creating the administrative rules governing this jurisdiction, Congress borrowed heavily from the statutes controlling income tax deficiency cases. Specifically, section 7436(d) incorporates the restrictions on assessment and collection that apply in such cases. In the light of Congress' apparent intention to create parallel administrative regimes for notices of determination and notices of deficiency, we think we should evaluate notices of determination the same way we evaluate notices of deficiency.

Suppose, after examining a taxpayer's Federal income tax return, the IRS assessed additional income tax without following the deficiency procedures established by sections 6211–6216. Next, suppose that the IRS mailed that taxpayer a notice of the additional assessment. We would not treat that letter as a notice of deficiency, and we have found that

the Court is without jurisdiction under those circumstances. *See Lerer v. Commissioner*, 52 T.C. 358, 363 (1969); *Kane v. Commissioner*, T.C. Memo. 1989–272.

Now substitute the type of tax contemplated by section 7436 for the types of tax subject to the deficiency procedures referenced above. Under similar circumstances, the Court is doing exactly the opposite of what we have done with respect to taxes subject to the deficiency procedures. And to make matters worse, it is doing so in the face of express statutory language instructing us to treat worker classification determinations like notices of deficiency.

In income tax deficiency cases, a notice of deficiency is the taxpayer's ticket to our Court. If the IRS has not sent a notice of deficiency, we do not have jurisdiction over the dispute. We have, on occasion, decided whether an ambiguous letter from the IRS was a notice of deficiency that triggered our jurisdiction. In each of those cases, we relied heavily on the IRS intent in reaching our conclusion. *See Lerer v. Commissioner*, 52 T.C. at 363; *Kane v. Commissioner*, T.C. Memo. 1989–272. When the IRS sends a letter that neither purports to be nor is intended to be a notice of deficiency, we do not recharacterize the letter as a notice of deficiency. We simply dismiss the case for lack of jurisdiction. Here the IRS did not intend to send a notice of worker classification determination, and the letter it sent did not purport to be such a notice. In fact, the IRS sent a letter reserved for cases not involving worker classification determinations. We disagree with the Court's decision to recharacterize that letter.

The opinion of the Court does not dispute that the IRS did not intend the April 15, 2011, letter to be a notice of determination,[1] but it nevertheless concludes that the letter triggered our jurisdiction. Instead of citing cases involving notices of deficiency, the opinion of the Court cites a whistleblower case and two collection due process cases in which we found that unofficial letters were notices of determination. *See* op. Ct. p. 231. Those cases are inapposite because they involve statutes that do not incorporate the restrictions on assessment applicable in income tax deficiency cases. In the light of Congress' explicit instruction to treat worker classi-

---

[1] The parties also agree that the IRS did not intend the letter to be a notice of worker classification determination.

fication determinations as if they were notices of deficiency, we find our notice of deficiency jurisprudence more relevant. In keeping with our notice of deficiency cases, we would find that the IRS intent is the most important factor in characterizing an ambiguous notice. The IRS did not intend the April 15, 2011, letter to be a notice of determination, and the letter did not purport to be a notice of determination. Accordingly, we would find that it did not trigger our jurisdiction under section 7436.

The IRS bears the burden of providing proper notice before assessing tax. If it has made a determination, it has no reason not to notify the taxpayer. If the IRS fails to issue a timely notice, applicable statutes of limitation may bar its later assessment. Moreover, dismissing the case here would not leave the taxpayer without recourse. SECC would have the same options as a taxpayer challenging an income tax deficiency whose case had been dismissed because the IRS had not issued a notice of deficiency. It could bring a refund case attacking the invalid assessment, file for an injunction against the assessment,[2] seek an abatement under section 6404(a), or contest the assessment's legality in a collection due process case pursuant to section 6330.

## V. *We should not delve into the administrative record to determine whether the IRS made a determination.*

Congress has provided an avenue for employers to reimburse their employees for work-related expenses. A taxpayer must simply follow the accountable plan rules outlined in section 1.62–2, Income Tax Regs. The IRS initially analyzed this case as an accountable plan dispute. SECC only later argued that its workers were dual-capacity employees or independent contractors. Under the opinion of the Court's approach, any taxpayer in an accountable plan case could make these arguments and transform its case into a worker classification dispute. We think we should permit the IRS to decide whether the taxpayer's arguments warrant a worker classification determination.

The workers at issue here performed a single task, and SECC calculated both payments on the number of hours they

---

[2] Sec. 6213(a) provides for this remedy by waiving the sec. 7421 anti-injunction provisions.

spent performing that task. SECC self-reported the workers as employees on its employment tax returns. The IRS could have reasonably concluded that the worker classification arguments were frivolous and did not justify a determination. Instead of permitting this result, the Court combs through the administrative record to discover whether the IRS should have issued a notice of determination. This approach sets a dangerous precedent that may require us to review the administrative record every time a taxpayer makes a worker classification argument and the IRS chooses not to issue a notice of determination. We believe we should permit the IRS to decide when its examination warrants a notice of determination. If it improperly fails to issue a notice, it will face the consequences of an invalid assessment.

## VI. *Conclusion*

Section 7436 explicitly incorporates many of the rules that apply in income tax deficiency cases. In fact, the incorporated material dwarfs the original material in the statute. We believe that this structure reflects Congress' intent to create identical schemes for our review of worker classification determinations and income tax deficiency determinations. Instead of relying on the principles that govern our income tax deficiency cases, the opinion of the Court has created a new approach to determine whether we have jurisdiction. Because we disagree with that approach, we respectfully dissent.